**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**01-CR-185**

**DONALD L. MOSHIER, JR.**
　　　　　　　　**Defendant.**
_____

**DONALD L. MOSHIER, JR.**

　　　　　　　　**Petitioner,**
    **-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**04-CV-694**

**UNITED STATES OF AMERICA,**

　　　　　　　　**Respondent**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.　　BACKGROUND**

On September 20, 2001, Donald L. Moshier pleaded guilty to Count One in Superceding Indictment 01-CR-185 which charged him with conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. He was subsequently sentenced to 120 months in prison and, on April 29, 2002, a Judgment of Conviction was entered. No direct appeal was taken from the conviction or sentence.

On April 5, 2004, Moshier brought a motion pursuant to Federal Rules of Civil

1

Procedure 4, 12(h), 3, 55(c), and 60(b) to vacate the judgment alleging, *inter alia,* that this Court lacked jurisdiction over the case on the grounds that the Superceding Indictment failed to charge Petitioner with a crime. In a Decision and Order dated May 19, 2004, this Court advised Moshier that it intended to convert his *pro se* motion into a § 2255 motion on the grounds that the relief sought more properly fell within that statutory provision. Moshier was provided notice of the effects of treating his application as a petition pursuant to § 2255, and given thirty days in which to withdraw, amend, or supplement his application. In providing Moshier with this notice and an opportunity to withdraw or supplement, the Court relied upon the teachings of, *inter alia,* Castro v. United States, 124 S.Ct. 786, 792 (2003). Moshier objected to conversion but supplemented his original motion nonetheless.

On October 28, 2004, the Court denied and dismissed Moshier's Section 2255 motion and denied him a certificate of appealability. Moisher thereafter appealed to the United States Court of Appeals for the Second Circuit. On August 3, 2005, the Second Circuit Court of Appeals issued a Mandate denying Moisher's motion for a certificate of appealability and dismissed his appeal.

On April 2, 2008, Moshier filed a "Petition to have § 2255 Restored," arguing that Castro v. United States prevents a court from recharacterizing a motion by a *pro se* litigant that would result in the *pro se* litigant's first § 2255 motion.

## II.     DISCUSSION

Moshier's Petition is without merit. As indicated in this Court's May 19, 2004 Decision and Order in Moshier's case,

> "when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion[,] ... the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it ...." <u>Castro v. United States</u>, --- U.S. ----, ----, 124 S.Ct. 786, 792 (2003).

5/19/04 Dec. & Ord., pp. 2-3.

The Supreme Court in <u>Castro</u> **did not hold** that a district court is prevented from recharacterizing a *pro se* litigant's motion as a first § 2255 motion, only that it must first provide warnings of the impact of recharacterization and an opportunity to withdraw or amend the motion. That is exactly what occurred here.

Under the circumstances and given this Court's prior quote from <u>Castro</u> to Moshier, his current Petition is frivolous.

### III.    CONCLUSION

Moshier's "Petition to have § 2255 Restored" **IS DENIED AS WITHOUT MERIT, AND ADJUDGED TO BE FRIVOLOUS FOR PURPOSES OF 28 U.S.C. § 1951(g)**.


**IT IS SO ORDERED**.

DATED: April 15, 2008

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge

3